DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue - Suite 190
Rye, New York  10580
(914) 921-1200
*Attorneys for Plaintiffs*



FILED
JUN 17 2008
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| 1209 XLB London Market, Ltd., and KOS Pharmaceuticals, Inc.  *Plaintiffs,*  - against -  Specialized Transportation, Inc.,  *Defendant.* | : : : : : : : : | 08 Civ. 08 CIV. 5465   JUDGE PAULEY  COMPLAINT |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, 1209 XLB XL London Market, Ltd. and KOS Pharmaceuticals, Inc. (hereinafter "Plaintiffs"), by their attorneys, Maloof Browne & Eagan LLC, for its Complaint, alleges on information and belief as follows:

1. All and singular the following premises are true and constitute claims arising under an Act of Congress regulating commerce within the meaning of 28 U.S.C. §1337(a) and pursuant to the Carmack Amendment codified at 49 U.S.C § 14706, and/or otherwise arise under federal law within the meaning of 28 U.S.C. § 1331, and/or are supplemental claims to certain of the foregoing claims within the meaning of 28 U.S.C. § 1367.

2. At all times material hereto, Plaintiff, 1209 XLB London Market, Ltd., was and is a corporation incorporated in and organized and existing under and by virtue of the laws of the United Kingdom, with its principal office and place of business located at 40 XL London Market

Ltd., XL House, 70 Gracechurch Street, London, England EC3VOXL, and was the insurer of the shipment which is the subject matter of this action.

3. At all times material hereto, Plaintiff, KOS Pharmaceuticals, Inc. was and is a corporation incorporated in and organized under and on virtue of the laws of the state of Florida with its principal office and place of business located at 1 Cedar Brook Drive, Cranbury, New Jersey 08512, and was the owner of the shipment which is the subject matter of this action.

4. Defendant Specialized Transportation, Inc. (hereinafter "STI" or "Defendant") is a corporation or other business entity incorporated in and organized and existing under and by virtue of the laws of the State of Indiana with it principal office and place of business located at 5001 US Highway West, Ft. Wayne, Indiana 46818, and was and now is engaged in business as a common carrier of merchandise by Motor Vehicle.

5. Defendant runs trucks through and thus can be found in and reside in this District within the meaning of 28 U.S.C. § 1391 (b)(1) and (c). Defendant thus does business in and thus resides in the same state within the meaning of the said statute. In addition, within the meaning of the Carmack Amendment, 49 U.S.C. § 14706(d), venue is also proper in this District because Defendant is the delivering carrier and does business and operates trucks and routes throughout the 48 contiguous United States, including the State of New York and the area comprising the Southern District of New York.

6. On or about June 30, 2006, there was delivered to the Defendant, or Defendant's agents, by Plaintiff, KOS Pharmaceuticals, Inc., a shipment consisting of computer equipment, then in good order and condition, which Defendant accepted, agreed, and arranged to transport

2

from Cranbury, New Jersey to Weston, Florida in consideration of certain agreed freight charges said, or agreed to be paid, and there deliver same in like good order and conditions as received.

7. Thereafter the Shipment was delivered but not in like good order and condition as when shipped, accepted, and received by Defendant, but on the contrary the shipment was seriously damaged and impaired in value, all in violation of Defendant's obligations as a carrier.

8. Plaintiff, insured the Shipment and paid certain damages incurred by its assured, KOS, due to the Shipment having been damaged. Plaintiff, brings this action on its own behalf and as agent, trustee, assignee and/or subrogee, on behalf of and for the interest of all parties interested in and who were damaged as a result of the damage suffered by the Shipment, as their respective interests may ultimately appear, and Plaintiff, is duly entitled to maintain this action.

9. Plaintiffs have performed all conditions on their parts to be performed.

10. By reason of the foregoing, Plaintiffs have sustained damages, as nearly as can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $235,000.00.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND/OR DUTIES UNDER THE CARMACK AMENDMENT

11. Plaintiffs incorporates herein by reference the allegations of paragraphs 1- 11 above.

12. By reason of the foregoing, the Defendant was a common carriere of merchandise within the meaning the Carmack Amendment, 49 U.S.C § 14706, and breached their duties as a common carrier under that law and under the contract of carriage.

13. By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding US $235,000.00.

## SECOND CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS

14. Plaintiffs incorporate herein by reference the allegations of paragraphs 1-13 above.

15. The Defendant was acting as a bailee of the Shipment at the time it was damaged. The Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the said Shipment in the same condition as when entrusted to it and to perform its services as bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached these bailment obligations and negligently failed to deliver to Plaintiffs, or its designees, the Shipment.

16. By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding US $235,000.00.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

17. Plaintiff incorporates herein by reference the allegations of paragraphs 1- 16 above.

18. The Defendant, by it negligence, damaged the Shipment. The Defendant

therefore negligently failed to deliver the Shipment to Plaintiff's assured, or its designee, in as good condition as when entrusted to it.

19. By reason of the foregoing, the Defendant has caused damage to Plaintiffs, and to the others on whose behalf Plaintiffs sue, in an amount, as nearly as can now be estimated, up to or exceeding US 235,000.00.

WHEREOF, Plaintiffs pray:

1. That process in due form of law may issue against the Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiffs against Defendant on each of the Causes of Action for the amount of Plaintiffs' damages, together with interest and costs and the disbursements of this action;

3. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
       June 16, 2008

MALOOF BROWNE & EAGAN LLC

By: _____
David T. Maloof (DM 3350)
Thomas M. Eagan (TE 1713)
411 Theodore Fremd Avenue - Suite 190
Rye, New York 10580
(914) 921-1200
*Attorneys for Plaintiffs 1209 XLB London Market, Ltd. and KOS Pharmaceuticals, Inc.*

F:\WP-DOCS\0604.67\Complaint (trucking).doc

5