Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Specialized Transportation, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 1209 XLB LONDON MARKET, LTD. and KOS PHARMACEUTICALS, INC.<br><br>                              Plaintiffs,<br><br>                  - against –<br><br>SPECIALIZED TRANSPORTATION, INC.<br><br>                              Defendant. | ECF CASE<br><br>**08 CV 5465**<br>**(Judge Pauley)** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SPECIALIZED TRANSPORTATION, INC. TO PLAINTIFFS' COMPLAINT

Defendant Specialized Transportation, Inc. ("STI"), by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

1. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

2. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

3. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

4. STI admits the allegations contained in paragraph 4 of the Complaint but denies that it was acting as a common carrier by motor vehicle as STI did not transport the shipment.

5. STI denies the allegations contained in paragraph 5 of the Complaint.

6. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies same and leaves plaintiffs to their proof.  Answering further, STI denies any allegation of an agency relationship.

7. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

8. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

9. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

10. STI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same and leaves plaintiffs to their proof.

11. STI repeats and realleges its responses to paragraph 1-10 of the Complaint as its response to paragraph 11.

12. STI denies the allegations contained in paragraph 12 of the Complaint.

13. STI denies the allegations contained in paragraph 13 of the Complaint.

14. STI repeats and realleges its responses to paragraph 1-13 of the Complaint as its response to paragraph 14.

15. STI denies the allegations contained in paragraph 15 of the Complaint.

16. STI denies the allegations contained in paragraph 16 of the Complaint.

17. STI repeats and realleges its responses to paragraphs 1-16 of the Complaint as its response to paragraph 17.

18. STI denies the allegations contained in paragraph 18 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

19. Plaintiffs' complaint fails to state a claim against STI upon which relief may be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

20. Plaintiffs' complaint fails to join necessary and indispensable parties as well as the real party in interest.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

21. This court lacks jurisdiction over STI.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

22. Plaintiffs' choice of venue is improper and, as such, the court should dismiss plaintiffs' complaint and/or transfer plaintiffs' claim to a jurisdictional district where venue would be proper.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

23. Plaintiffs' complaint fails to attach written agreements in support of its alleged claims.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

24. Plaintiffs lack standing to maintain and/or prosecute the litigation.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

25. Plaintiffs' complaint fails to set forth a proper Carmack claim against STI.

## AS AND FOR AN
## EIGHTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred by a lack of privity and/or lack of any duty owed by STI to plaintiffs.

## AS AND FOR A
## NINTH AFFIRMATIVE DEFENSE

27. To the extent that a proper written notice of claim was not timely filed by plaintiffs, the within action is time barred.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

28. To the extent that plaintiffs failed to bring a timely suit, the within action is time barred.

## AS AND FOR AN
## ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiffs' claims are barred by its own conduct, including but not limited to, estoppel, waiver, consent and laches.

## AS AND FOR A
## TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiffs failed to mitigate their damages.

## AS AND FOR A
## THIRTEENTH AFFIRMATIVE DEFENSE

31. Plaintiffs' claims are barred by the statute of frauds.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

32. Plaintiffs' claims are barred by the bill of lading executed by and on behalf of plaintiffs.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

33. To the extent that the contract of carriage including the tariffs and the applicable law thereto provided for any limitation of liability for the loss or damage to the shipment in question, plaintiffs cannot recover in excess of this amount.

## AS AND FOR A
## SIXTEENTH AFFIRMATIVE DEFENSE

34. STI is not guilty of any negligence which was a proximate cause of any alleged damages of which plaintiffs complain.

## AS AND FOR A
## SEVENTEENTH AFFIRMATIVE DEFENSE

35. To the extent that plaintiffs seek special and/or consequential damages, STI is not responsible for such amounts.

**WHEREFORE,** Defendant Specialized Transportation, Inc. demands judgment: (1) dismissing the complaint with prejudice, together with costs, disbursements and reasonable attorneys fees, and/or to transfer this case to the proper jurisdictional district where venue is proper; and (2) such other or different relief as the Court deems appropriate.

Dated: New York, New York
       August 5, 2008

> By: /s/ Barry Gutterman
> Barry N. Gutterman, Esq. (BG6410)
> Barry N. Gutterman & Associates, P.C.
> 60 East 42nd Street, 46th Floor
> New York, New York 10165
> (212) 983-1466 (phone)
> (212) 983-1229 (fax)
> Bngassc@aol.com
>
> Of Counsel
>
> John L. Alden, Esq.  (0002697)
> John E. Breen, Esq. (0015142)
> Law Office of John L. Alden
> One East Livingston Avenue
> Columbus, Ohio 43215
> (614) 221-1306
> (614) 221-3551
> JALDEN@ALDENLAW.NET
>
> Attorneys for Defendant
> Specialized Transportation, Inc.

To:   Thomas Eagan, Esq.
      Maloof Browne & Eagan, LLC
      511 Theodore Fremd Avenue
      Suite 190 (north lobby)
      Rye, New York 10580
      (914) 921-1200 (phone)

      Attorneys for Plaintiff

ST-2903.AAD