# BARRY N. GUTTERMAN & ASSOCIATES, P.C.
### ATTORNEYS AT LAW
THE LINCOLN BUILDING
60 EAST 42nd STREET, 46th FLOOR
NEW YORK, NEW YORK 10165
(212) 983-1466
FAX (212) 983-1229
e-mail: bngassc@aol.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/15/2008

California Office:
12520 Magnolia Blvd., Suite 206
Valley Village, California 91607-2336

New Jersey Office:
33 Philhower Road
Lebanon, New Jersey 08833-4537

August 11, 2008

*[Handwritten annotation: Application granted – this Court will hold a pre-motion conference in conjunction with the initial pre-trial conference, which this Court re-sets for August 29, 2008 at 10:45 a.m. SO ORDERED. William H. Pauley III U.S.D.J. 8/15/2008]*

Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street
Room 2210
New York, New York 10007

Re:   1209 XLB London Market, LTD.
      and KOS Pharmaceuticals, Inc.
      v. Specialized Transportation, Inc.
      S.D.N.Y. 08 CV 5465 (Judge Pauley)
      <u>Our File: ST-2903</u>

Dear Judge Pauley:

Our office represents defendant Specialized Transportation, Inc. ("STI") in the above-captioned case.

<u>Pursuant to your Honor's Individual Practices, STI is requesting a pre-motion conference regarding STI's Motion to Dismiss or, alternatively to Transfer this action to the United States District Court for the Northern District of Indiana, Ft. Wayne Division.</u>

Plaintiff, 1209 XLB London Market, Ltd., subrogated insurer to KOS Pharmaceutics, Inc., filed a complaint arising out of transportation in interstate commerce of a shipment of computer equipment ("cargo") allegedly transported by STI. However, STI denies that it transported the cargo. As such, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiffs contend that they are entitled to recovery for the alleged damage to the cargo pursuant to 49 U.S.C. § 14706 ("the Carmack Amendment"), that STI's trucks run through the State of New York, and that STI resides in the Southern District of New York within the meaning of 28 U.S.C. §1391(b)(1) and (c). In addition, plaintiffs allege that venue is proper in this district because STI was the delivering carrier and operated trucks through New York, including the Southern District of New York.

Honorable William H. Pauley III
United States District Judge
August 11, 2008
Page Two

      This Court lacks jurisdiction and venue over STI. Defendant STI, as alleged in the complaint, is an Indiana corporation with its principal place of business in Ft. Wayne, Indiana. Plaintiffs have not alleged that the loss occurred in the State of New York, the transport of the cargo was not through the State of New York, and STI did not transport the cargo. The only connection to New York is that plaintiffs' counsel is located in New York.

      STI relies upon numerous decisions which support its position i.e. *Landoil Res. Corp., v. Alexander & Alexander Servs. Inc.*, 918 F. 2d 1039 (2d. Cir. 1990); *Corke v. Sameiet M.S. Song of Norway*, 572 F. 2d 77 (2d Cir. 1978); *Interested London Underwriters v. Kelly Global Logistics, et. al.*, 2008 U.S. Dist Lexis 15768 (S.D.N.Y. 2008).

      Based upon the foregoing, the plaintiffs' complaint should be dismissed or, alternatively, transferred to the Northern District of Indiana, Ft. Wayne Division.

                                            Respectfully submitted,

                                            Barry N. Gutterman, Esq. (BG6410)

                                            –and–

John L. Alden, Esq. (0002697)
John E. Breen, Esq.. (0015142)
Of Counsel

BNG/jh

cc:     Thomas Eagan, Esq.
        Maloof Browne & Eagan, LLC
        511 Theodore Fremd Avenue
        Suite 190 (north lobby)
        Rye, New York 10580

        Attorneys for Plaintiff